IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
**(Northern Division)**

| | |
|---|---|
| In the Matter of the Complaint of | Civil Action No. _____ |
| GREAT LAKES DREDGE & DOCK CO., LLC, as Owner Pro Hac Vice and Operator of the | |
| DREDGE G.L.51 | |
| For Exoneration from or Limitation of Liability | |

**COMPLAINT**

Great Lakes Dredge & Dock Co., LLC ("GLDD"), by its attorneys Ober, Kaler, Grimes & Shriver, hereby files this Complaint for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30505, & 30511, and states as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

2. Venue is proper in this Court in accordance with Supplemental Admiralty Rule F(9) because the subject vessel is or will be during the pendency of this action within this district and within the jurisdiction of this Court.

3. At all relevant times mentioned herein, Plaintiff GLDD was and remains a limited liability company organized under the laws of Delaware with its principal place of business in the State of Illinois.

4. Plaintiff GLDD is and was at all relevant times the owner pro hac vice and operator of the DREDGE G.L. 51 (hereinafter the "Dredge").

416880.1

5. The Dredge is a mechanical dredge built in 1962, registered under the laws of the United States, and inspected by the U.S. Coast Guard, with the following particulars: 144 feet in length and 44 feet in breadth.

6. Prior to and at all times hereinafter described, Plaintiff GLDD exercised due diligence to make and maintain the Dredge in all respects seaworthy, and the Dredge was properly manned, equipped and reasonably fit and proper for the service in which it was engaged at the time of the alleged incident described herein.

7. On or about June 29, 2011, the Dredge was operating under an agreement to remove existing underwater obstructions/debris in the Martin Pena canal in San Juan, Puerto Rico, for which GLDD was to be compensated based on an hourly rate of $2,885. The Dredge completed the work/voyage without an indication of any potential claims arising therefrom.

8. However, according to a notice of claim sent to GLDD by the Puerto Rico Electric Power Authority ("PREPA"), dated October 31, 2013, during the performance of the said agreement/voyage, the Dredge allegedly damaged and/or removed a series of underwater 115 Kilovolts (kV) electrical cables that were part of the "Lazo Metropolitano" Line 38000 (Line 38000). PREPA has alleged that as a result of the damage to or removal of the cables, PREPA has suffered or will suffer significant monetary damages.

9. There are no demands, unsatisfied claims of liens, or liens against the Dredge arising out of the voyage hereinafter described, and no claims or suits pending thereon, so far as is presently known to Plaintiff, except the written claim advanced by PREPA and described above.

10. Plaintiff denies that the Dredge or any of its equipment or personnel caused any damage to the subject electrical cables or cable system as alleged by PREPA.

11.     The subject incident and all injury or damage resulting therefrom were not caused or contributed to by any fault, neglect, want of care, design or unseaworthiness on the part of the Dredge, Plaintiff, Plaintiff's agents, or crew of the Dredge.

12.     The total amount of the claims which have been made, or which may in the future be made, for injury, loss, and damages arising out of the subject incident is not presently known; but based upon the notice of claim received thus far by Plaintiff, Plaintiff believes that suits and claims will be asserted and prosecuted against it in amounts exceeding the value of the Dredge and pending freight at the end of the subject voyage, as described in 46 U.S.C. §30505, and hence exceeding the total sum for which Plaintiff may be legally responsible or may be required to pay under the applicable statutes governing liability.

13.     The value of Plaintiff's interest in the Dredge following the voyage at issue is estimated at a maximum of U.S. $4,775,000, as established by the Declaration of Steven Becker attached hereto as Exhibit A.  Pending freight recovered or recoverable at the time of the alleged incident amounted to a maximum of $23,080, as set forth in the Declaration of Russell Zimmerman attached hereto as Exhibit B.  Therefore, the value of Plaintiff's interest in the Dredge and its pending freight following the voyage at issue totals $4,798,080.

14.     Plaintiff accordingly herewith deposits with the Court, as security for the benefit of all potential claimants, Ad Interim Stipulations for Value in the form of Letters of Undertaking totaling $4,798,080, with interest on each at the rate of six (6%) percent per annum from the date of said Stipulations.

15.     Plaintiff also has deposited with the Court $1,000, as security for costs as required by Supplemental Admiralty Rule F(1) and LAR(f)(1).

16. Plaintiff demands exoneration from liability, or in the alternative, the limitation of liability provided by 46 U.S.C. §§ 30505 & 30511, for any loss, damage, or injury caused by or resulting from the aforesaid incident, or done, occasioned, or incurred on the aforesaid voyage on which the said incident occurred; and with respect to any and all claims relating thereto, Plaintiff alleges that it has valid defenses on the facts and on the law.

17. If it later appears that Plaintiff is, or may be, liable, and the amount or value of Plaintiff's interest for limitation purposes in the Dredge and pending freight is not sufficient to pay all losses in full, Plaintiff requests that claimants shall then share *pro rata* in the aforesaid sum, saving to claimants any rights of priority they may have as ordered by the Court as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims and Rule F thereof, and by the Rules and practices of this Court.

18. This Complaint is filed within six months from the date Plaintiff first received written notice of a claim from any claimant, including the written notice from PREPA, resulting from the subject incident.

**WHEREFORE**, Petitioner respectfully prays that:

a. This Court issue an order approving the above-described Ad Interim Stipulations for Value in the Form of Letters of Undertaking, deposited with the Court by Plaintiff, as sufficient security for the value of Plaintiff's interest in the DREDGE G.L. 51 and its pending freight at the close of the subject voyage;

b. This Court approve Plaintiff's deposit of $1,000 as sufficient security for costs in accordance with Supplemental Admiralty Rule F(1) and LAR(f)(1);

c. This Court enter an Order directing that a notice, as provided in Rule F(4), be issued to all persons asserting claims with respect to the voyage described herein notifying such persons to file their respective claims with the Clerk of this Court and to serve on the attorneys for Plaintiff a copy thereof on or before a date to be named in the notice, and that if any such claimants desire to contest Plaintiff's claim that it is not liable, or its right to limitation of liability, each such claimant shall also file and serve on Plaintiff's attorneys an Answer to the Complaint on or before the said date, unless the claim has included an Answer, so designated;

d. This Court enter an Order, in accordance with 46 U.S.C. §30511 and Rule F(3), enjoining the further prosecution of any and all actions, suits, or proceedings already commenced as well as the commencement or prosecution of any and all future actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction, against Plaintiff; the DREDGE G.L. 51; the agents, representatives, employees or insurers of Plaintiff; and/or any property of Plaintiff, except in this action, to recover damages for or with respect to injury, loss, and damage caused by, done, occasioned, or incurred on the voyage described in the Complaint;

e. This Court find that Plaintiff and the DREDGE G.L. 151 are not liable to any extent upon any of the claims that may be made as described above, or, if Plaintiff or the DREDGE G.L. 151 is found liable, then that any such liability is limited to the value of Plaintiff's interest in the DREDGE G.L. 51 and its pending freight as aforesaid, at the end of the said voyage, the proceeds therefrom being divided *pro rata* among the claimants as may be proved in such manner as the Court may direct, saving to them such priorities as the law may allow, and that the Court enter an Order discharging Plaintiff and the DREDGE G.L. 51 from all further liability; and

f. The Court grant Plaintiff such other, further, or different relief as may be just.

_____
M. Hamilton Whitman, Jr.
Trial Bar No. 00373 (mhwhitman@ober.com)
Geoffrey S. Tobias - Trial Bar No. 00301 (gstobias@ober.com)
Ober, Kaler, Grimes & Shriver, a Professional Corporation
100 Light Street
Baltimore, MD  21202
Tel:  (410) 685-1120
Fax:  (410) 547-0699

*Attorneys for Plaintiff*