IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

In the Matter of the Complaint of : Civil Action No. CCB-14-1450

GREAT LAKES DREDGE & DOCK CO., LLC,
as Owner Pro Hac Vice and Operator of the

DREDGE G.L.51

For Exoneration from or Limitation of Liability

**COURT ORDER APPROVING STIPULATIONS FOR VALUE,
DIRECTING ISSUANCE OF NOTICE, RESTRAINING SUITS,
AND DIRECTING THE FILING OF CLAIMS**

A Complaint having been filed herein on April 30, 2014, by Plaintiff for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30505 & 30511 and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, with respect to all claims for injury, loss, or damage arising out of the June 29, 2011, voyage of the DREDGE G.L. 51 (the "Dredge") in which it allegedly damaged and/or removed a series of underwater 115 Kilovolts (kV) electrical cables that were part of the "Lazo Metropolitano" Line 38000 (Line 38000) while engaging in the removal of existing underwater obstructions/debris in the Martin Pena canal in San Juan, Puerto Rico, as more fully described in the Complaint;

AND, the Complaint having stated that the value, for limitation purposes, of Plaintiff's interest in the said vessel and pending freight at the end of the voyage in question does not exceed the amount of U.S. $4,798,080, as set forth in the declarations filed with the Complaint;

416874.1

AND Local Admiralty Rule(f)(1) setting the amount of security for costs required by Supplemental Admiralty Rule F at $1,000;

AND, it appearing from the Complaint that suits have been or may be filed and that claims have been or will be made against Plaintiff and/or the Dredge for injury, loss, or damage alleged to have occurred as a result of the subject voyage;

AND Plaintiff having deposited with the Court security in the total amount of $4,7998,080, representing Plaintiff's interest in the said vessel and pending freight, for the benefit of claimants in the form of Ad Interim Stipulations for Value in the form of Letters of Undertaking (consisting of Letters of Undertaking for, respectively, $900,000, $1,000,000, and $2,898,080), with interest on each at the rate of six (6%) percent per annum from the date of said Stipulations;

AND Plaintiff having deposited with the Court $1,000 as security for costs in accordance with Supplemental Admiralty Rule F(1) and LAR(f)(1),

NOW, Plaintiff having complied with the requirements of Rule F, and upon application by Ober, Kaler, Grimes & Shriver, A Professional Corporation, attorneys for the Plaintiff,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The above described Ad Interim Stipulations for Value in the Form of Letters of Undertaking for, respectively, $900,000, $1,000,000, and $2,898,080, for a total sum of $4,798,080, with interest as aforesaid and deposited by Plaintiff with the Court for the benefit of claimants, be and are hereby approved with respect to all claims subject to 46 U.S.C. §30505.

2. The Court, upon motion on notice to all parties of record, may thereon order the said security increased or reduced if it finds the amount thereof insufficient or excessive or if it

finds that such an order is necessary to carry out the provisions of 46 U.S.C. §30505 and the applicable substantive law.

3. Any claimant in these proceedings may, at any time, signify by written notice, filed with the Court and served upon other parties of record, its dissatisfaction with the undertakings described in paragraph 1. In the event of such notice, Plaintiff shall file within ten (10) business days of the receipt thereof a response to the objection and the Court, if it sustains the objection, shall order security to be posted.

4. The above described deposit of $1,000 with the Court be and is hereby approved as security for costs as provided for in Supplemental Admiralty Rule F(1) and LAR(f)(1).

5. A notice shall be issued by the Clerk of this Court to all persons asserting claims with respect to which relief is sought herein notifying them to file their respective claims with the Clerk of this Court, in writing, and to serve on, or mail by certified mail to, the attorneys for the Plaintiff (Ober, Kaler, Grimes & Shriver, A Professional Corporation, 100 Light Street, Baltimore, Maryland 21202) a copy thereof, on or before the **13th** day of **June**, 2014, or be defaulted, and that if any claimant desires to contest the relief herein, he shall file and serve on the attorneys for the Plaintiff an answer to the Complaint on or before the said date, unless his claim has included an answer to the complaint, so designated, or be defaulted.

6. The commencement or further prosecution of any and all claims, actions, suits, and proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits or proceedings against Plaintiff; the Dredge G.L. 51; and/or any of their agents, representatives, employees, or insurers; and/or any other property of Plaintiff, **except in the above-captioned action**, to recover damages for or

in respect to any loss, damage, or injury caused by or resulting from the aforesaid January 29, 2011, voyage of the Dredge in which it allegedly damaged and/or removed a series of underwater 115 Kilovolts (kV) electrical cables that were part of the "Lazo Metropolitano" Line 38000 (Line 38000) while engaging in the removal of existing underwater obstructions/debris in the Martin Pena canal in San Juan, Puerto Rico or occasioned or incurred on the said voyage, as alleged in the Complaint, **are hereby restrained, stayed and enjoined until the hearing and determination of this action.**

7. The aforesaid notice shall be published in The Baltimore Sun, once in each week for four successive weeks prior to the date fixed for the filing of claims, as provided by the aforesaid Supplemental Admiralty Rule F. The first publication of said notice shall be at least forty (40) days before said return date, and Plaintiff, not later than the day of second publication, shall also mail a copy of said notice together with a copy of this Order to all persons (or their respective attorneys) known to have filed suit, or to have any claim, or to have asserted any claim for loss, damage or injury with respect to the matters herein.

8. Service of this order as a restraining order shall be made through the Post Office by certified mail or by Federal Express by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, as provided for in paragraph 7 hereof.

Dated: Baltimore, Maryland

_May 5_, 2014

_CCB_
United States District Judge