# IN UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND
# (Northern Division)

| | |
|---|---|
| In the Matter of the Complaint of | : Civil Action No. 1:14-cv-01450 (CCB) |
| Great Lakes Dredge & Dock Co., LLC, As Owner *Pro Hac Vice* and Operator of the Dredge G.L.51 | |
| For Exoneration from or Limitation of Liability | |

## ANSWER, AFFIRMATIVE DEFENSES, AND CLAIM OF DRAGADOS USA, INC.

Limitation Defendant/Claimant Dragados USA, Inc. ("DUSA"), states as follows its Answer, Affirmative Defenses, and Claim in response to the Complaint served by Great Lakes Dredge & Dock Co., LLC, ("GLDD"), as alleged owner *pro hac vice* and operator of the DREDGE G.L.51 (the "Dredge"):

### ANSWER TO THE COMPLAINT

DUSA answers the specific allegations in GLDD's Complaint for Exoneration from or Limitation of Liability ("Complaint") as follows:

1. DUSA admits the allegations of paragraph 1 of the Complaint.

2. DUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. DUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. DUSA denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. DUSA admits that the Dredge is a mechanical dredge built in 1962, and is 144 feet in length and 44 feet in breadth. Except as admitted, DUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. DUSA denies the allegations contained in paragraph 6 of the Complaint.

7. DUSA admits that on or about June 29, 2011, the Dredge was operating under an agreement to dredge navigable waters in San Juan, Puerto Rico, for which GLDD was to be compensated. Except as admitted, DUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. DUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. DUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. DUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. DUSA denies the allegations contained in paragraph 11 of the Complaint.

12. DUSA denies the allegations contained in paragraph 12 of the Complaint.

13. DUSA denies the allegations contained in paragraph 13 of the Complaint.

14. DUSA admits that GLDD has filed with the Court "Ad Interim Stipulations for Value in the form of Letters of Undertaking totaling $4,798,080." Except as admitted, DUSA denies the allegations contained in paragraph 14 of the Complaint.

15. DUSA admits the allegations contained in paragraph 15 of the Complaint.

16. DUSA denies the allegations contained in paragraph 16 of the Complaint.

17.	DUSA denies the allegations contained in paragraph 17 of the Complaint.

18.	DUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT

### FIRST DEFENSE

19.	DUSA asserts that the GLDD is not entitled to the benefits of exoneration or limitation of liability pursuant to 46 U.S.C. §§30505 and 30511, and the various supplementary statutes thereto and amendatory thereof, because the following faults or acts of negligence, *inter alia*, all occurred within the imputed privity and knowledge of GLDD: (1) failure to observe and require prudent seamanship and ordinary care in the navigation and operation of the Dredge; (2) failure to provide for properly equipped vessel or vessels; (3) failure to provide for properly manned vessel or vessels; (4) failure to provide properly trained and adequate crews for the Dredge; (5) failure to instruct master and crew to avoid dredging or performing operations that could damage submerged utilities; (6) failure to mark or locate submerged utilities prior to performing operations that could damage unmarked submerged utilities; (7) failure to require proper monitoring, supervision, and safety procedures for use of dredging equipment; and (8) other negligent acts or omissions within GLDD's privity or knowledge.

### SECOND DEFENSE

20.	The damages referred to in DUSA's claim herein sound in contract, arise from the contractual relationship between DUSA and GLDD, and are not subject to limitation under the Limitation Act pursuant to the Personal Contract Doctrine. Particularly, DUSA intends to rely on the indemnification provisions of the contract between DUSA and GLDD, which sets out

GLDD's duty to indemnify DUSA for any damages arising from the incident alleged in the Complaint. Such a contractual duty to indemnify is not subject to limitation.

### THIRD DEFENSE

21.  In accordance with their contract, any dispute between DUSA and GLDD is subject to arbitration. Thus, the Personal Contract Doctrine applies to remove such an arbitrable dispute from these limitation proceedings.

### FOURTH DEFENSE

22.  DUSA did not cause or contribute in any way to the damages referred to in the Complaint.

### FIFTH DEFENSE

23.  DUSA maintains that a *force majeure*, inevitable accident, peril of the sea, Act of God, negligence, breach of contract, or other wrongful act or omission of third parties over whom GLDD had no control, are defenses which are not available to GLDD.

### SIXTH DEFENSE

24.  DUSA avers that the Ad Interim Stipulation for Value in the From of a Letter of Undertaking filed with GLDD's Complaint is improper and insufficient in that (1) it fails to include the value of other vessels in the flotilla as required pursuant to the Flotilla Doctrine, (2) the value of the Dredge is understated, and (3) the amount of the freight then pending is insufficient such that the Stipulation for Value does not meet the requirements of Supplemental Admiralty Rule F(1), and the relevant case law. DUSA contests the amount of the limitation fund, and avers that the amount of the limitation fund should be increased to include (1) the fair market value of other vessels, (2) the total amount of freight pending for the Dredge, and (3)

those other vessels that were involved in or part of the flotilla at the time of the alleged incident for which GLDD seeks the benefits of the Limitation Act.

## SEVENTH DEFENSE

25. DUSA avers that the Ad Interim Stipulation for Value in the Form of a Letter of Undertaking filed with GLDD's Complaint is improper and inadequate security. DUSA reserves the right to seek an approved form of security pursuant to Supplemental Admiralty Rule F(1), which includes, but is not limited to, a cash deposit in the registry of this Court or an appropriate bond.

## EIGHTH DEFENSE

26. GLDD has alleged, based on the notice of claim it has received, that it believes that claims asserted against it will exceed the value of the Dredge and its freight then pending. Notwithstanding the fact that the limitation fund is insufficient, GLDD had no legitimate basis for filing the action herein as the claim asserted by the Puerto Rico Electric Power Authority ("PREPA") is estimated to be $2,831,300, while the limitation fund is currently $4,789,080. Such a wide discrepancy indicates that the action herein is improper *ab initio*.

## NINTH DEFENSE

27. GLDD's Complaint fails to state any claim upon which relief may be granted in GLDD's favor.

WHEREFORE, DUSA prays that GLDD's Complaint for Exoneration from or Limitation of Liability be denied, and respectfully requests this Court to:

1. award judgment to DUSA and against GLDD as the Owners *pro hac vice* and operators of the Dredge, and against the Dredge *in rem*, in an amount equal to the costs,

damages, and disbursements incurred by DUSA, such amount to be established at trial, plus interest, attorneys' fees, and costs;

2. reject the Ad Interim Stipulation filed by GLDD and require GLDD to deposit with the Court, in an approved form of security, (1) the full fair market value of the Dredge and all other vessels involved in the flotilla, and (2) the proper amount of pending freight for the Dredge and all other vessels involved in the flotilla; and

3. grant such other and further relief as is just and appropriate in the circumstances.

## DUSA'S CLAIM

DUSA makes its claim pursuant to Supplemental Admiralty Rule F, and upon information and belief states as follows:

1. DUSA incorporates by reference all of the provisions of its Answer and Affirmative Defenses as if fully stated herein.

## Jurisdiction

2. The claims herein are admiralty and maritime claims as provided in Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 1333 and Supplemental Admiralty Rule F.

## The Parties

3. DUSA is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 810 7th Avenue, New York, New York 10019.

4. Upon information and belief, GLDD is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in the State of Illinois.

**Background**

5.     On June 29, 2010, the United States Army Corps of Engineers (USACE) awarded to DUSA Contract No. W912EP-10-C-0035 (the "USACE Contract"), for the project identified as Rio Puerto Nuevo Flood Control Project Margarita Channel Improvements and Miscellaneous Features (Cnt 2AR), San Juan, Puerto Rico (the "Project"). The Project included, in part, channel dredging and excavation in navigable waters in San Juan.

6.     On October 5, 2010, DUSA entered into a subcontract agreement with GLDD to perform the channel dredging and excavation work associated with the Project pursuant to the USACE Contract (the "Subcontract Agreement"). The Subcontract Agreement fully incorporated the USACE Contract by reference, with both documents in part comprising the "Contract Documents."

7.     Pursuant to Clauses 1.2, 9.1, 9.2, 10.1, 25.1, 25.3, and 35.10 of the Subcontract Agreement, GLDD both agreed to be bound to DUSA by <u>all</u> the undertakings in the USACE Contract, and agreed to assume <u>all</u> of DUSA's obligations and responsibilities under the USACE Contract. For example, Clause 35.10 of the Subcontract Agreement states: "For the avoidance of doubt, and not to the exclusion of any other requirements in the Contract Documents, the Subcontractor [GLDD] represents that it shall observe, perform and comply with all of the provisions that under the terms of the Prime [USACE] Contract (as applicable to the Subcontract Work) and other Contract Documents must flow down to the Subcontractor…" As such, pursuant to the Subcontract Agreement GLDD, *inter alia*, assumed the following obligations:

   a.    to protect from damage all existing improvements and utilities, pursuant to sec. 00700, Cl. 52.236-9(b) of the USACE Contract;

      b.      to repair, at its own expense, damage to utilities, pursuant to sec. 01 11 00, Cl. 1.8 of the USACE Contract;

      c.      to scan the construction site with electromagnetic or sonic equipment to locate and mark underground utilities, and to verify the elevation of existing utilities not indicated or specified to be removed and not marked by PREPA and other utility companies, pursuant to sec. 01 11 00, Cl. 1.11 & 1.11.1 of the USACE Contract;

      d.      to physically verify the location and elevation of existing utilities indicated prior the starting of work, pursuant to sec. 31 23 00, Cl. 3.1.2 of the USACE Contract; and,

      e.      to investigate the location of all utility crossings and take precautions against damages which might result for operations in the vicinity of utility crossings., pursuant to sec. 35 20 23, Cl. 1.11.1 of the USACE Contract.

8.      Pursuant to Clause 32.1 of the Subcontract Agreement, GLDD agreed to indemnify, defend, and hold harmless DUSA from any claim, liability, or damage arising out of or in connection with the Subcontract Agreement, or the work performed by GLDD under the Subcontract Agreement that is caused in whole or in party by any act, omission or default of the GLDD.

9.      The Project commenced in 2011, and GLDD performed channel dredging and excavation work through the summer of 2011.

10.      Upon information and belief, GLDD utilized the Dredge, as well as other vessels, to perform the channel dredging and excavating work on the Project.

11.      GLDD performed the channel dredging and excavation work without any indication of any potential claims arising therefrom.

**PREPA's Claim Against DUSA**

12. Approximately two years after GLDD performed the channel dredging and excavation work under the Subcontract Agreement, DUSA received a letter, dated October 28, 2013, from PREPA, which letter was copied to GLDD, claiming that PREPA suffered damages as a result of the negligent removal of submerged electrical cables during the dredging work for the Project.

13. Specifically, PREPA alleges that in October of 2013, it discovered that a series of submarine power cables that were part of its 115 KV "Lazo Metropolitano" were removed during the dredging work at the Caño Martin Peña in July and August of 2011. PREPA alleges that its initial estimated damages resulting from the removal of the cables amounts to $2,831,300, but that it has not been able to calculate the exact amount of its damages.

14. In a letter to GLDD dated November 22, 2013, DUSA notified GLDD of the claim it received from PREPA and informed GLDD that it is responsible for PREPA's claim pursuant to the Subcontract Agreement.

15. As of the date of this filing, DUSA is unaware of any efforts on the part of PREPA to pursue the claim against DUSA (or GLDD), as described in PREPA's letter to DUSA dated October 28, 2013.

16. Any such damage to PREPA's submarine utilities, as described in PREPA's letter to DUSA dated October 28, 2013, if such damage occurred, could have only occurred as a result of GLDD's breach of its obligations under the Subcontract Agreement, and/or by the negligence or unseaworthiness of the Dredge.

17. Should PREPA pursue such a claim in these proceedings, or should any other claim arising from GLDD's performance under the Subcontract Agreement be asserted in these

proceedings, DUSA must be indemnified and held harmless for such a claim by GLDD pursuant to Clause 32.1 of the Subcontract Agreement, as well as under the other terms of the Subcontract Agreement.

18.     Additionally, based upon the facts of this matter, under the general maritime law GLDD must indemnify DUSA for any claim asserted by PREPA (or any other party) arising from GLDD's performance of the work on the Project.

19.     In accordance with Clause 31.2.1 of the Subcontract Agreement, any disputes between DUSA and GLDD are subject to arbitration.  Thus, DUSA's instant claim, which has been necessitated by GLDD's filing of the action herein, is not and should not be construed as a waiver by DUSA of its right to demand arbitration of this dispute with GLDD in accordance with the terms of the Subcontract Agreement.

20.     In accordance with Clause 35.5 of the Subcontract Agreement, in any action, including legal proceedings, arising out of the Subcontract Agreement, the prevailing party is entitled to receive from the other party its attorneys' fees and costs, which DUSA claims herein.

21.     DUSA brings this claim on its own behalf and as agent and trustee on behalf of and for the interest of all parties who are or may be or become interested in the subject matter hereof, as their respective interests may appear.  DUSA is entitled to maintain this action.

WHEREFORE, DUSA demands:

1.     Should any claim be asserted against DUSA in these proceedings resulting from the work performed by GLDD under the terms of the Subcontract Agreement, that this Court enforce the indemnity provision at clause 32.1 of the Subcontract Agreement requiring GLDD to indemnify and hold harmless DUSA for any such claims;

2. Should any claim be asserted against DUSA in these proceedings resulting from the work performed by GLDD under the term of the Subcontract Agreement, that this Court award DUSA indemnification under the general maritime law against GLDD for any such claim;

3. That DUSA be awarded its attorneys' fees and costs relating to the proceedings herein; and,

4. That this Court grant such other and further relief as may be just and proper in the circumstances.

Dated:  June 13, 2014

                                                      Respectfully Submitted,

                                                      Holland & Knight LLP

                                                      By:     /s/ Gregory H. Koger
                                                      Stephen B. Shapiro (Bar No. 09213)
                                                      Gregory H. Koger (Bar No. 15079)
                                                     800 17th Street, N.W.
                                                     Suite 1100
                                                     Washington, D.C.  20006
                                                     Tel: 202-955-3000
                                                     Fax: 202-955-5564
                                                     Email: stephen.shapiro@hklaw.com
                                                                   greg.koger@hklaw.com

                                                     *Attorneys for Limitation Defendant/*
                                                     *Claimant Dragados USA, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of June 2014, the foregoing was served via electronic service using the CM/ECF system on the following:

>M. Hamilton Whitman, Jr., Esq.
>Geoffrey S. Tobias, Esq.
>Ober, Kaler, Grimes & Shriver, P.C.
>100 Light Street
>Baltimore, Maryland 21202
>*Counsel to the Plaintiff*

          /s/ Gregory H. Koger
          Gregory H. Koger

#30482159_v2