# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| **In the Matter of the Complaint of** | * |
| **GREAT LAKES DREDGE & DOCK COMPANY, LLC, as Owner Pro Hac Vice and Operator of the** | * |
| **DREDGE G.L. 51** | *    Civil Action No. CCB-14-CV-1450 |
| **For Exoneration from or Limitation of Liability** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO LIMITATION PLAINTIFF'S COMPLAINT BY
## CLAIMANT PUERTO RICO ELECTRIC POWER AUTHORITY

Claimant, Puerto Rico Electric Power Authority (hereinafter "PREPA"), by and through its attorneys, JoAnne Zawitoski, Alexander M. Giles, and Semmes, Bowen & Semmes, hereby files this Answer to the Complaint filed herein by Limitation Plaintiff Great Lakes Dredge & Dock Co., LLC (hereinafter "GLDD"), and states as follows:

1. Answering paragraph 1 of the Complaint, PREPA states that it is advised that the allegations contained therein constitute conclusions of law to which it need not respond.

2. Answering paragraph 2 of the Complaint, PREPA states that it is advised that the allegations contained therein constitute conclusions of law to which it need not respond.

3. Answering paragraph 3 of the Complaint, PREPA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4. Answering paragraph 4 of the Complaint, PREPA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5. Answering paragraph 5 of the Complaint, PREPA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6. Answering paragraph 6 of the Complaint, PREPA denies the allegations contained therein.

7. Answering paragraph 7 of the Complaint, PREPA admits that the Dredge was operating in the Caño Martín Peña in San Juan, Puerto Rico in or about June, 2011, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

8. Answering paragraph 8 of the Complaint, PREPA admits the allegations contained therein.

9. Answering paragraph 9 of the Complaint, PREPA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

10. Answering paragraph 10 of the Complaint, PREPA denies the allegations contained therein.

11. Answering paragraph 11 of the Complaint, PREPA denies the allegations contained therein.

12. Answering paragraph 12 of the Complaint, PREPA states that its current damages in this matter amount to $5,932,482.20, but it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether that amount exceeds the value of the Dredge, any other related vessels, and pending freight at the end of the subject voyage.

13. Answering paragraph 13 of the Complaint, PREPA states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

14. Answering paragraph 14 of the Complaint, PREPA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

15. Answering paragraph 15 of the Complaint, PREPA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16. Answering paragraph 16 of the Complaint, PREPA states that it is advised that the allegations contained therein constitute conclusions of law to which it need not respond. However, to the extent that a response is required, PREPA denies the allegations contained therein.

17. Answering paragraph 17 of the Complaint, PREPA states that it is advised that the allegations contained therein constitute conclusions of law to which it need not respond. However, to the extent that a response is required, PREPA denies the allegations contained therein.

18. Answering paragraph 18 of the Complaint, PREPA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**AFFIRMATIVE DEFENSES**

19. Limitation Plaintiff's Complaint fails to state a cause of action upon which relief can be granted in Limitation Plaintiff's favor.

20. Claimant PREPA did not cause or contribute in any way to the damages that were sustained by Claimant PREPA's property.

21. Limitation Plaintiff, its officers, employees, agents, and/or those working under its authority negligently owned, operated, manned, and/or maintained the Dredge G.L. 51 and the other related vessels working on the dredging and excavation project at issue, or any of them, and such acts and/or omissions caused the damages sustained by Claimant PREPA.

22. The Dredge G.L. 51 and the other related vessels working on the dredging and excavation project at issue, or any of them, were unseaworthy at the commencement of its/their voyage(s) and such unseaworthiness caused the damages sustained by Claimant PREPA.

23. Limitation Plaintiff is not entitled to exoneration from or limitation of liability because it and/or its officers, employees, agents, shareholders, and/or management had privity and knowledge of the negligent acts and unseaworthy conditions which caused the damages sustained by Claimant PREPA.

24. The Ad Interim Stipulations for Value filed on behalf of Limitation Plaintiff are improper and insufficient, and should be increased pursuant to Supplemental Admiralty Rule F(7). Claimant PREPA challenges said valuations, and avers that the amount of the limitation

fund should be increased to include: 1) the correct valuation of the Dredge, which is presently understated; and 2) the total amount of freight pending for the Dredge.

25. The limitation fund established by Limitation Plaintiff is improper and insufficient because it fails to include the value of the other related vessels working on the dredging and excavation project at issue, as well as any freight pending on any of those vessels, pursuant to the flotilla doctrine.

26. The Ad Interim Stipulations for Value filed on behalf of Limitation Plaintiff in the form of a Letter of Undertaking are improper and inadequate security. Claimant PREPA reserves the right to seek an approved form of security pursuant to Supplemental Admiralty Rule F(1), which includes, but is not limited to, a cash deposit in the registry of the Court or an appropriate bond.

WHEREFORE, having fully answered, Claimant Puerto Rico Electric Power Authority prays that:

    a. The Court enter an Order denying Limitation Plaintiff's request for exoneration from liability;

    b. The Court enter an Order denying Limitation Plaintiff's request for limitation of liability;

    c. The Court enter an Order declaring that the damages referred to in the Complaint happened with privity and knowledge of the Limitation Plaintiff;

    d. The Court grant Claimant such other, further, or different relief as may be proper and equitable under the circumstances.

                              /s/
JoAnne Zawitoski (Fed. Bar No. 00698)
Alexander M. Giles (Fed. Bar No. 25474)
Semmes, Bowen & Semmes, P.C.
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
Telephone No.: (410) 539-5040
Fax: (410) 539-5223
jzawitoski@semmes.com
agiles@semmes.com

*Attorneys for Claimant,*
*Puerto Rico Electric Power Authority*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of July, 2014, a copy of Claimant's Answer to Petitioner's Complaint was electronically sent *via* the ECF system to all counsel of record.

                              /s/
Alexander M. Giles

B1500211.DOCX