**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Northern Division*

| | |
|---|---|
| **In the Matter of the Complaint of** | * |
| **GREAT LAKES DREDGE & DOCK COMPANY, LLC, as Owner Pro Hac Vice and Operator of the** | * |
| | * |
| **DREDGE G.L. 51** | *   Civil Action No. CCB-14-CV-1450 |
| **For Exoneration from or Limitation of Liability** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CROSS-CLAIM OF PUERTO RICO ELECTRIC POWER AUTHORITY AGAINST DRAGADOS USA, INC.

Claimant, Puerto Rico Electric Power Authority (hereinafter "PREPA"), by and through its attorneys, JoAnne Zawitoski, Alexander M. Giles, and Semmes, Bowen & Semmes, pursuant to Rule 13 of the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, hereby files this Cross-Claim against Dragados USA, Inc. (hereinafter "DUSA") , and in support thereof states as follows:

1.      PREPA incorporates by reference all of the provisions of its Answer, Affirmative Defenses, and its Claim as to the Limitation Plaintiff's Complaint, filed previously in this matter, as if fully stated herein.

**JURISDICTION**

2.      The claims stated herein are admiralty and maritime claims as provided in Rule 9(h) of the Federal Rules of Civil Procedure.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1333 and Supplemental Admiralty Rule F.

**PARTIES**

3.      PREPA is a Puerto Rican governmental entity headquartered in San Juan, Puerto Rico with its principal place of business at 1110 Ponce de Leon Avenue, Stop 16 ½, NEOS Building, San Juan, Puerto Rico.

4.      Upon information and belief, DUSA is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 810 7th Avenue, New York, New York 10019.

**BACKGROUND**

5.      PREPA owns and operates a major power line, the 115 kV "Lazo Metropolitano" Line 38000, in San Juan, Puerto Rico, that runs from Isla Grande GIS through to the San Juan Power Plant.

6.      A segment of that underground power line runs underwater through the Caño Martin Peña, parallel to The Constitution Bridge in San Juan.

7.      On August 16, 2004, PREPA was issued a permit by the U.S. Army Corps of Engineers (hereinafter "The Corps") for the installation of the 115 kV Line 38000.

8.      In 2007, PREPA requested a modification of that permit with The Corps in order to alter the location of the cable running along the bottom of the Caño Martin Peña. By letter dated October 26, 2007, The Corps accepted PREPA's request for a modification of the permit. *See* Letter from Col. Paul Grosskruger of the U.S. Army Corps of Engineers, attached hereto as Exhibit 1.

9.      Subsequently, upon information and belief, The Corps contracted DUSA to perform a dredging and excavation project in the Caño Martin Peña. The Corps awarded to

DUSA Contract No. W912EP-10-C-0035, for the project identified as Rio Puerto Nuevo Flood Control Project Margarita Channel Improvements and Miscellaneous Features.

10. Upon information and belief, and pursuant to its contract with The Corps, DUSA had the following contractual obligations:

    a. to protect from damage all existing improvements and utilities, see Sec. 00700, Cl. 52.236-9(b);

    b. to repair, at its own expense, damage to utilities, see Sec. 01 11 00, Cl. 1.8;

    c. to scan the construction site with electromagnetic or sonic equipment to locate and mark underground utilities, and to verify the elevation of existing utilities not indicated or specified to be removed and not marked by PREPA and other utility companies, see Sec. 01 11 00, Cl. 1.11 & 1.11.1;

    d. to physically verify the location and elevation of existing utilities indicated prior to the starting of work, see Sec. 31 23 00, Cl. 3.1.2; and

    e. to investigate the location of all utility crossings and take precautions against damages which might result for operations in the vicinity of utility crossings, see Sec. 35 20 23, Cl. 1.11.1.

11. Upon information and belief, several months later, DUSA, in turn, subcontracted the dredging and excavation work to Limitation Plaintiff Great Lakes Dredge & Dock Co., LLC (hereinafter "GLDD").

12. DUSA has alleged in its Claim against GLDD filed in this matter that pursuant to its Subcontract Agreement, GLDD "agreed to be bound to DUSA by all the undertakings in the

3

USACE Contract, and agreed to assume all of DUSA's obligations and responsibilities under the USACE Contract." *See* Paragraph 7 of DUSA Claim against GLDD.

13.     Furthermore, DUSA alleges that "[p]ursuant to Clause 32.1 of the Subcontract Agreement, GLDD agreed to indemnify, defend, and hold harmless DUSA from any claim, liability, or damage arising out of or in connection with the Subcontract Agreement, or the work performed by GLDD under the Subcontract Agreement that is caused in whole or in party [sic] by any act, omission or default of the GLDD." *See* Paragraph 8 of DUSA Claim.

14.     Upon information and belief, GLDD utilized Dredge G.L. 51, as well as other related vessels, to perform the dredging and excavation work.

15.     Upon information and belief, DUSA retained control over the operative detail and methods of GLDD's dredging and excavation work in the Caño Martin Peña.

16.     On or about June 29, 2011, while GLDD was performing its dredging operations in the Caño Martin Peña, the underground power line suffered damages when it was wrongfully removed from its connections.

17.     Upon information and belief, GLDD personnel were aware at the time that they had damaged the underwater power line cables during their dredging operations, and even inquired with DUSA and/or The Corps about what to do with the disconnected power line cabling.

18.     Upon information and belief, DUSA and/or The Corps instructed GLDD to pull up the power line cables and dump them on the shore of the Caño Martin Peña. The parties failed to notify PREPA or other proper Puerto Rican authorities about what had occurred, and it

4

is believed that the aforementioned parties either converted the valuable copper cables to their own use or otherwise allowed the cables to become a target for looters.

19.     The removal of the underground power line made it impossible for PREPA to use the line in its current state.

20.     In addition to the removal and destruction of the underground power line cables, themselves, the act of forcefully removing the cables caused further and extensive damages to the devices and structures holding the cables in place and to the electrical conduits on both ends of the cables.

21.     After a lengthy investigation by PREPA, involving, among other things, the analysis of archived data, DUSA finally confirmed to PREPA in 2013 that it had been contracted by The Corps to perform the dredging and excavation work in the Caño Martín Peña, that it had subcontracted the work to GLDD, and that GLDD was performing such dredging work during that particular time period in the summer of 2011.

22.     PREPA put DUSA (and the other parties) on notice by sending it a formal claim letter, dated October 28, 2013.  *See* October 28, 2013 Letter to DUSA, attached hereto as Exhibit 2.

23.     Subsequently, after obtaining bids for the replacement and repair of the underground power line cables and various supporting structures, PREPA has determined the amount of its aforementioned damages.

24.     As of May 15, 2014, PREPA has sustained damages totaling at least $5,932,482.20, as best as can now be determined, pertaining to the removal of the underground

5

power line and the related damages suffered thereto.  *See* Summary of Damages suffered by PREPA with certified English translations, attached hereto collectively as Exhibit 3.

## **COUNT I – NEGLIGENCE**

25. PREPA incorporates by reference and restates paragraphs 1 through 24 above, as if fully and completely set forth verbatim herein.

26. DUSA was required pursuant to its contract with The Corps to, among other things, protect from damage all existing improvements and utilities, to physically verify the location and elevation of existing utilities indicated prior to the starting of work, to select competent and knowledgeable subcontractors, agents, and employees for carrying out the work, and to perform the dredging and excavation work in a professional and efficient manner.

27. Pursuant to the principles articulated in the Restatement (Second) of Torts, namely in §§410, 411, and 414, DUSA, as the principal and employer of GLDD, had a duty to select a competent and careful subcontractor, to exercise reasonable care in providing orders and directions to GLDD, and to exercise reasonable care in relation to those areas of the dredging and excavation work over which it retained control.

28. PREPA, as the owner of the 115 kV "Lazo Metropolitano" Line 38000 running through the Caño Martin Peña in San Juan, Puerto Rico which was properly permitted by The Corps, was an intended beneficiary of DUSA's contractual obligations and of the theories of liability articulated in the Restatement (Second) of Torts.

29. Upon information and belief, in connection with the dredging and excavation operations in the Caño Martin Peña, DUSA: a) failed to take the proper precautions or make the necessary investigation in order to determine for itself the existence and location of the

6

underground power line in the Caño Martín Peña, as required by its contract with The Corps; b) hired a subcontractor in GLDD that was unfamiliar with the Caño Martín Peña and who, likewise, failed to take the proper precautions or make the necessary investigation in order to determine the existence and location of the underground power line in the Caño Martín Peña; and c) failed to provide GLDD with accurate information regarding the proper disposal of the line and, instead, negligently instructed GLDD to dump it on the shore causing the valuable material in the line to be lost.

30. Upon information and belief, DUSA retained control over the operative detail and methods of GLDD's dredging and excavation work in the Caño Martín Peña.

31. As a result of its own foregoing acts of negligence, DUSA caused significant damage to PREPA and its underground power line.

32. On October 28, 2013, PREPA placed DUSA on formal notice as to the aforementioned damages and as to DUSA's role in bringing about such damages.

33. Despite due demand by PREPA, DUSA has failed to pay and continues to refuse to pay for the damages that PREPA has sustained in connection with the removal and destruction of the underground power line in San Juan, Puerto Rico.

34. As of May 15, 2014, PREPA has sustained damages totaling at least $5,932,482.20, as best as can now be determined.

WHEREFORE, Claimant Puerto Rico Electric Power Authority prays for judgment against Dragados USA, Inc. in the amount of at least $5,932,482.20, as best as can now be determined, plus prejudgment interest, attorneys' fees, costs, postjudgment interest at the legal rate, and/or whatever other relief this Court deems just and proper.

## **COUNT II – VICARIOUS LIABILITY**

35. PREPA incorporates by reference and restates paragraphs 1 through 34 above, as if fully and completely set forth verbatim herein.

36. At all times relevant hereto, GLDD was a subcontractor and agent of DUSA as to the dredging and excavation operations in the Caño Martin Peña.

37. Pursuant to the principles articulated in the Restatement (Second) of Torts, namely in §416, DUSA, as the principal and employer of GLDD, failed to exercise reasonable care that would allow GLDD to take adequate precautions as to the dredging and excavation operations in the Caño Martin Peña.

38. The acts of negligence and unseaworthiness by GLDD were committed within the scope of its agency relationship with DUSA.

39. As the principal of GLDD, DUSA is responsible for all of the negligence and unseaworthiness attributed to GLDD and committed within the scope of its agency relationship with DUSA.

WHEREFORE, Claimant Puerto Rico Electric Power Authority prays for judgment against Dragados USA, Inc. in the amount of at least $5,932,482.20, as best as can now be determined, plus prejudgment interest, attorneys' fees, costs, postjudgment interest at the legal rate, and/or whatever other relief this Court deems just and proper.

>             /s/
> JoAnne Zawitoski (Fed. Bar No. 00698)
> Alexander M. Giles (Fed. Bar No. 25474)
> Semmes, Bowen & Semmes, P.C.
> 25 South Charles Street, Suite 1400
> Baltimore, Maryland 21201
> Telephone No.: (410) 539-5040
> Fax: (410) 539-5223
> jzawitoski@semmes.com
> agiles@semmes.com
>
> *Attorneys for Claimant,*
> *Puerto Rico Electric Power Authority*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July, 2014, a copy of Claimant PREPA's Cross-Claim against Dragados USA, Inc. was electronically sent *via* the ECF system to all counsel of record.

>             /s/
> Alexander M. Giles

B1507491.DOCX